Timothy B. Smith (8271)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (802) 532-7840
Facsimile: (801) 532-7550

Attorneys for Jeffrey D. Hancock

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY D. HANCOCK, <br><br> Plaintiff, <br><br> v. <br><br> CURT MANUFACTURING, INC., a Wisconsin corporation, <br><br> Defendant. | **COMPLAINT** <br><br> **(Jury Trial Requested)** <br><br> Case No. 1:10cv000142 <br><br> Judge: Dale A. Kimball |

Comes now Plaintiff Jeffrey D. Hancock ("Hancock") to complain against Defendant Curt Manufacturing, Inc. ("CMI") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Hancock is an individual residing in Utah and is the owner of U.S. Design Pat. No. D618,142.

2. On information and belief, Defendant CMI is a corporation organized and existing under the laws of the State of Wisconsin, with a place of business at 6208 Industrial Dr., Eau Claire, Wisconsin 54701, and is doing business in this judicial district and elsewhere.

3. This action arises under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because an act of infringement took place and is taking place within this jurisdiction.

## GENERAL ALLEGATIONS

### The Patent

5. Hancock is a co-inventor of U.S. Des. Pat. No. D618,142, filed on December 24, 2009 and issued on June 22, 2010, for an ATV Hitch ("Hancock Patent").  A copy of the Hancock Patent is attached hereto as Exhibit A.

### The Infringement

6. Hancock is informed and believes that defendant CMI has infringed, and is currently infringing, the Hancock Patent by selling and offering for sale an ATV Mount with Welded Ball, Clevis Bar & Extra Tongue.

7. Hancock is further informed and believes that defendant CMI has been and still is committing acts of inducement of infringement and contributory infringement by inducing others to use the Hancock Patent.

### FIRST CLAIM FOR RELIEF
(Direct Infringement of U.S. Des. Pat. No. D618,142)

8. Hancock incorporates by reference the allegations contained in paragraphs 1 through 7 as set forth above.

9. The Hancock Patent has at all times subsequent to its issue date been fully enforceable and is now fully enforceable.

10. Hancock is the owner of record and holds all rights under the Hancock Patent, including the right to sue for infringement.

11. CMI has designed, manufactured, promoted, sold and used devices known as ATV Mounts with Welded Ball, Clevis Bar & Extra Tongue. In manufacturing, selling and using this device, CMI is infringing the Hancock Patent.

12. As a result of CMI's infringing conduct, CMI has damaged Hancock. CMI is liable to Hancock in an amount that adequately compensates Hancock for CMI's infringement, which by law, can in no event be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. As a consequence of CMI's infringement of the Hancock Patent, Hancock has been irreparably damaged and such damage will continue without the issuance of an injunction by this Court under 35 U.S.C. § 283.

14. The infringement by CMI has been willful and deliberate.

### SECOND CLAIM FOR RELIEF
### (Inducement to Infringe U.S. Des. Pat. No. D618,142)

15. Hancock incorporates by reference the allegations contained in paragraphs 1 through 14 as set forth above.

16. On information and belief, CMI has actively induced, and is now inducing, infringement of the Hancock Patent.

17. CMI has unlawfully derived, and continues to unlawfully derive, income and profits by inducing others to infringe the Hancock Patent. Hancock has suffered, and continues to suffer, damages as a result of CMI's inducement to infringe the Hancock Patent.

18.     Hancock has suffered and will continue to suffer irreparable damage for which there is no adequate remedy at law as a direct result of CMI's inducing others to infringe the Hancock Patent unless CMI is enjoined from further acts of inducing infringement of the Hancock Patent.

## JURY DEMAND

Hancock hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hancock prays for judgment against CMI as follows:

A.    The Court adjudge United States Design Patent No. D618,142 valid and infringed by CMI;

B.    For damages in an amount to be determined at trial to compensate Hancock for CMI's infringing activities, said damages being not less than a reasonable royalty;

C.    For a finding that CMI acted willfully in its infringement of the Hancock Patent, and for an award of treble damages pursuant to 35 U.S.C. § 284;

D.    That CMI, its agents, servants, employees, directors and those persons in active concert or participation with it be enjoined under 35 U.S.C. § 283 from further violation of Hancock's patent rights or such terms as the Court deems reasonable;

E.    That CMI be ordered to file with this Court and serve on Hancock within thirty (30) days after service on CMI of the injunction granted herein, or such extended period as the court may direct, a report in writing, under oath, setting forth in detail the manner and form in which CMI has complied with the injunction and order of the Court;

F.    That pursuant to 35 U.S.C. § 285, CMI be ordered to pay Hancock's attorneys' fees and costs incurred as a result of CMI's infringing acts;

347393.1

      G.      That CMI be required to pay pre-judgment and post-judgment interest until such awards are paid; and

      H.      That Hancock have such further and other relief as the Court deems appropriate.

DATED this 25th day of August, 2010.

                        PARR BROWN GEE & LOVELESS

                        By:  <u>s/s Timothy B. Smith</u>
                              Timothy B. Smith
                              Attorneys for Plaintiff Jeffrey D. Hancock

347393.1